**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FENG LIU, et al., | : | CIVIL ACTION NO. 07-1797 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| ALBERTO GONZALES, et al., | : |  |
| Defendants. | : |  |

**COOPER, District Judge**

Plaintiffs, Feng Liu and Yufeng Gao (collectively, "plaintiffs"), commenced this action against defendants, asking the Court, inter alia, to (1) assume jurisdiction here, (2) declare that the defendants have unreasonably delayed adjudication of the plaintiffs' adjustment of status application ("Application"), and have violated the United States Constitution, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq., and the Administrative Procedure Act, 5 U.S.C. § 701, et seq., and (3) compel defendants to complete the security clearance processing in conjunction with plaintiffs' Application. (Dkt. entry no. 1, Compl., at 10.)  Defendants move to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1). (Dkt. entry no. 13.)  The Court, for the reasons stated herein, will grant the motion.

## BACKGROUND

Plaintiffs are both citizens of China. (Compl., at 7.) On July 2, 2004, plaintiffs filed an Application, along with an I-140 immigration petition ("Petition"), an employment-based petition, with the United States Citizenship and Immigration Services ("USCIS"), seeking their status to be adjusted to lawful permanent residents. (Id.) Feng Liu, employed as a researcher, is the lead applicant. (Id.) Yufeng Gao, his wife, is a derivative applicant under the Application. (Id.) The USCIS approved the Petition on January 11, 2005. (Id.) The Application remains pending. (Id.)

When an alien files an adjustment of status application, the USCIS and the Federal Bureau of Investigation ("FBI") conduct security checks to ensure the alien is eligible for the status sought and poses no risk to national security or public safety. (Dkt. entry no. 13, Def. Br., at 4.) Such security checks include (1) an FBI fingerprint check for criminal history on the alien, (2) a check against the Interagency Border Inspection System, and (3) an FBI name check. (Id.)

Plaintiffs attempted to determine the status of the Application. (Compl., at 7-8.) They called the USCIS several times, had two appointments with the USCIS offices in Newark, New Jersey, and wrote letters to Senator Frank Lautenberg and

Congressman Mike Ferguson, both of New Jersey, regarding the status of the Application.  (Id. at 7-8.)  Plaintiffs received similar responses to each of these inquiries, specifically that the Application is still pending.  (Id. at 7.)  USCIS informed plaintiffs that plaintiff Yufeng Gao's security check has cleared, but plaintiff Feng Liu's security check is still being processed.  (Id.)  Plaintiffs then brought this action on April 17, 2007, approximately two years and nine months after they initially submitted the Application.  (See Compl.)

Defendants agree that the Application has not been adjudicated because the Application's security checks are incomplete.  (Def. Br., at 1.)  Defendants state this delay is a result of a "tremendous backlog" of pending security checks related to applications for adjustment of status.  (Id.)  Specifically, the defendants explain that the system backlog, as it pertains to name check requests, is due to heightened security efforts by the FBI, resulting in, inter alia, lengthier procedures for name check requests, and an increased volume of incoming name check requests.  (Dkt. entry no. 13, Decl. of Michael A. Cannon, at 8-10.)

Defendants also give several reasons a specific applicant's name check may be delayed.  (Id. at 10-11.)  If a name appears multiple times in FBI records when it is being reviewed, that

name may require further review.  (Id.)  Moreover, if the applicant has a common name, that may increase the number of times a name may appear in FBI records and hence require further review.  (Id. at 11.)  The accessibility of the FBI record needed for review also contributes to delay in processing a name check request.  (Id.)  Last, FBI employees are sometimes required to expedite a case, and thus they become unavailable to work on a normal name check request.  (Id. at 12.)

Defendants maintain, however, that the processing of the Application is being performed in compliance with USCIS and FBI procedures, notwithstanding the delay.  (Id. at 15; dkt. entry no. 13, Decl. of Naboone Puripongs, at 1-2.)  Specifically, the USCIS referred the Application to the FBI for security screening and suspended adjudication pending that screening.  (Decl. of Naboone Puripongs, at 2.)  Name check requests for plaintiff Feng Liu and plaintiff Yufeng Gao were received by the FBI from USCIS on July 27, 2004.  (Decl. of Michael A. Cannon, at 15.)  Plaintiff Yufeng Gao's name check request was completed on July 27, 2004.  (Id.)  Plaintiff Feng Liu's name check is incomplete, but is being performed and will be forwarded to the USCIS in due course in accordance with the FBI's protocol.  (Id.)  Moreover, USCIS officers are aware of and make regular inquiries about the

4

status of the plaintiffs' security screening. (Decl. of Naboone Puripongs, at 2.)

## DISCUSSION

Plaintiffs claim that the Court has jurisdiction over this action under 28 U.S.C. § 1331 because their claims arise under the Due Process Clause of the Fifth Amendment of the United States Constitution and the INA. (Compl., at 3.) Plaintiffs also assert that there is jurisdiction to compel the adjudication of the Application under the Mandamus Act, 28 U.S.C. § 1361 ("Section 1361"), the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and the APA. (Id.) Defendants, in contrast, argue that the Court lacks jurisdiction because (1) the claim is unripe, (2) the adjustment of status process is committed to the sole discretion of the Attorney General, and there is no judicial review by this Court of that discretion, under 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1255(a), (3) plaintiffs have not shown that they are entitled to a writ of mandamus, (4) Section 701(a)(2) of the APA precludes judicial review of actions, where, as here, the action challenged is committed to agency discretion by law, and (5) the Declaratory Judgment Act does not confer subject matter jurisdiction. (Def. Br., at 6, 8, 12, 14, 17.)

5

**I.  Standard of Review for a 12(b)(1) Motion to Dismiss**

A defendant may move under Rule 12(b)(1) to dismiss a claim for lack of subject matter jurisdiction at any time. Fed.R.Civ.P. 12(b)(1); Iwanowa v. Ford Motor Co., 67 F.Supp.2d 424, 437-38 (D.N.J. 1999).  The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1).  Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).  Moreover, a court should consider a Rule 12(b)(1) motion first, because if such a motion is granted, the complaint must be dismissed for lack of subject matter jurisdiction.  Pashun v. Modero, No. 92-3620, 1993 WL 185323, at *2 (D.N.J. May 26, 1993).  The accompanying defenses, therefore, become moot and need not be addressed.  Id.

A defendant may challenge subject matter jurisdiction facially.  Iwanowa, 67 F.Supp.2d at 438.  In doing so, the defendant asserts that the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction.  Id.  Under this standard, the Court assumes that the allegations in the complaint are true, and may dismiss the complaint only if it appears to a certainty that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction.  Cardio-Medical Assocs., Ltd. v. Crozer-Chester

Med. Ctr., 721 F.2d 68, 75 (3d Cir. 1983); Iwanowa, 67 F.Supp.2d at 438.

A defendant may also attack subject matter jurisdiction by factually attacking the plaintiff's jurisdictional allegations as set forth in the complaint. Iwanowa, 67 F.Supp.2d at 438. Under this standard, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the Court from evaluating the merits of jurisdictional claims. Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997). The Court may consider affidavits, depositions, and testimony outside of the complaint to resolve factual issues, and is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Id.; Iwanowa, 67 F.Supp.2d at 438.

A defendant need not have yet answered the complaint to factually attack subject matter jurisdiction. Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920 F.2d 198, 200 (3d Cir. 1990). A district court may consider evidence beyond the allegations of the complaint when a defendant moves to dismiss. Id. Although an answer has not yet been served, a defendant may submit an affidavit disputing a plaintiff's factual basis for jurisdictional allegations. Id. at 199. This is a sufficient method of factually attacking a complaint. Id. at

7

200; see Iwanowa, 67 F.Supp.2d at 438 (treating Rule 12(b)(1) motion as a factual attack because both parties attached declarations to their briefs).

The defendants here have not filed an answer, but have attached two declarations to their brief that dispute plaintiffs' jurisdictional allegations. (See Decl. of Michael A. Cannon; Decl. of Naboone Puripongs.) The Court, therefore, will evaluate the 12(b)(1) motion as a factual challenge to subject matter jurisdiction and consider the declarations that the defendants have submitted.

**II.   Section 1361 and Section 1252**

    **A.   Mandamus Jurisdiction**

Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief under Section 1361 is an extraordinary remedy, which should be utilized only to compel the performance of a clear non-discretionary duty, after plaintiff has exhausted all other avenues of relief. Pittston Coal Group v. Sebben, 488 U.S. 105, 121 (1988); Heckler v. Ringer, 466 U.S. 602, 616 (1984). The party seeking mandamus relief has the burden of showing that the right to issuance of the writ is clear and

indisputable.  Will v. United States, 389 U.S. 90, 96 (1967). The plaintiff must allege that the defendant owes the plaintiff a legal duty consisting of a specific, plain ministerial act. Harmon Cove Condo. Ass'n, Inc. v. Marsh, 815 F.2d 949, 951 (3d Cir. 1987).  This legal duty must not involve an exercise of judgment or discretion by the defendant, as "[a]n act is ministerial only when its performance is positively commanded and so plainly prescribed as to be free from doubt."  Id. (citations omitted).

### B.   Jurisdiction under 8 U.S.C. § 1252(a)(2)(B)(ii)

The INA states that "the status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence" if certain requirements are met.  8 U.S.C. § 1255(a).[1]  Section 1252(a)(2)(B)(ii) ("Section 1252") of the INA further provides:

> Notwithstanding any other provision of law [including the mandamus statutes Sections 1361 and 1651], no court shall have jurisdiction to review . . . (i) any judgment regarding the granting of relief under section . . . 1255 of this title, or (ii) any other decision or

---

[1] The authority of the Attorney General to grant an adjustment of status, as specified in Section 1255, has been transferred to the Secretary of Homeland Security and the USCIS.  See 6 U.S.C. §§ 271(b)(5), 557; Ge Zhang v. Dist. Dir., No. 07-362, 2007 WL 1797655, at *1 n.1 (D.N.J. June 20, 2007).  For ease of reference, this memorandum opinion will refer to the Attorney General's authority.

9

>  action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Thus, because the adjustment of an alien's status to permanent resident by the Attorney General is discretionary under Section 1255(a), judicial review of that adjustment is specifically precluded by Section 1252. See 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1255(a); see also Ge Zhang, 2007 WL 1797655, at *1 (holding that Section 1252 barred the court from reviewing any discretionary decision or action of the Attorney General made under Section 1255(a)); Mehta v. Thompson, No. 07-0667, 2007 WL 1521482, at *2 (D.N.J. May 23, 2007) (same); Serrano v. Quarantillo, No. 06-5221, 2007 WL 1101434, at *2 (D.N.J. Apr. 9, 2007) (same).

### C.  Section 1361 and Section 1252 Applied Here

Defendants argue that all aspects of the adjustment of status process, including the time it takes to process an application for adjustment of status, are expressly committed to the sole discretion of the Attorney General under Section 1255(a), and that Section 1252 bars the Court from reviewing that discretion. (Def. Br., at 8-9.) Defendants also assert that the writ of mandamus is not appropriate, as plaintiffs lack a right to immediate adjudication, and defendants have no mandatory

duty to adjudicate the Application within a particular time frame.  (Id. at 12-14.)  Plaintiffs, by contrast, assert that while the decision by the Attorney General to grant or deny adjustment of status may be discretionary, mandamus jurisdiction is supported because the defendants have violated a non-discretionary duty to meaningfully process the Application within a reasonable time.  (Pl. Br., at 4-12.)  Plaintiffs also argue that mandamus relief is available because there is no alternative remedy without an order requiring a decision by a date certain. (Id. at 11-12.)

Several decisions within the District of New Jersey have found that courts lack subject matter jurisdiction under both Section 1361 and Section 1252 in factually similar cases.  See, e.g., Zuwei Jin v. Chertoff, No. 07-1145, 2007 WL 1963143, at *2 (D.N.J. June 29, 2007) (finding Section 1252 precluded judicial review of Attorney General's adjustment of alien's status notwithstanding mandamus statutes, thus barring alien's mandamus claim); Mehta, 2007 WL 1521482, at *2-*3 (finding Section 1252 removed plaintiff's case from Court's jurisdiction; and, noting, in any event, Court could not exercise mandamus jurisdiction because plaintiff sought to compel Attorney General to perform a purely discretionary action); Serrano, 2007 WL 1101434, at *2-*3 (finding Section 1252 barred Court from reviewing Attorney

11

General's adjustment of plaintiff's status, notwithstanding mandamus statutes). This Court also recently held that it did not have subject matter jurisdiction under either Section 1361 or Section 1252 to compel the USCIS to act on a pending adjustment of status application. Shah v. Chertoff, No. 07-874, 2007 WL 2084891, at *4 (D.N.J. July 18, 2007).

Two recent decisions also within the District of New Jersey, by contrast, did find subject matter jurisdiction in factually similar cases to this one. See Lei Xu v. Chertoff, No. 07-366, 2007 WL 2033834, at *3 (D.N.J. July 11, 2007); Pool v. Gonzales, No. 07-258, 2007 WL 1613272, at *2 (D.N.J. June 1, 2007). In both Pool and Lei Xu, the Court held that while a decision by the USCIS to approve or deny an application was not reviewable by the Court, the obligation of the USCIS to process applications was not discretionary and was reviewable. See Lei Xu, 2007 WL 2033834, at *3; Pool, 2007 WL 1613272, at *2.
Both Pool and Lei Xu, however, are distinguishable here. See Lei Xu, 2007 WL 2033834, at *4; Pool, 2007 WL 1613272, at *3. In Pool, the Court noted that the defendants had not submitted any evidence attesting to whether plaintiffs' applications were still being processed or why there was a delay in adjudication. Pool, 2007 WL 1613272, at *3. The defendants had only stated in their briefs, without any supporting documentation, that plaintiffs'

12

applications had been suspended pending an FBI background check. Id. Similarly, in Lei Xu, the Court noted that, as in Pool, the defendants had not provided a satisfactory explanation for the delay in processing plaintiffs' applications. Lei Xu, 2007 WL 2033834, at *4. The defendants here, by contrast, have submitted two declarations detailing why there has been a delay in adjudicating plaintiffs' Application. (See Decl. of Michael A. Cannon; Decl. of Naboone Puripongs.) Both declarations also show that the Application is still being processed and is regularly monitored for completion of the name check. (Id.) In sum, the defendants are still processing the Application. (Id.)

This Court therefore concludes there is no subject matter jurisdiction here under Section 1252. As discussed supra, Section 1252 of the INA expressly states that the Court does not have jurisdiction to review any action taken by the Attorney General in connection with a resident alien's application for permanent residency status as authorized in Section 1255(a). See 8 U.S.C. § 1252(a)(2)(B)(ii). Pursuant to this Court's prior decision in Shah v. Chertoff, this provision prohibits the Court from reviewing the pace at which the Attorney General adjudicates a particular adjustment of status application. See Shah, 2007 WL 2084891, at *4.

13

The Court also cannot exercise mandamus jurisdiction here. Mandamus relief is only available to compel action as to a non-discretionary duty. Sebben, 488 U.S. at 121. Such a duty does not exist here, as the Attorney General has discretion over whether to grant the plaintiffs' Application and the time necessary to appropriately adjudicate it. See 8 U.S.C. §§ 1252(a)(2)(B)(ii). Thus, the Court does not have jurisdiction under either Section 1361 or Section 1252.

### III. The APA

Plaintiffs also assert that this Court has subject matter jurisdiction under the APA. (Compl., at 3.) Defendants assert that such jurisdiction does not exist under the APA because the APA precludes review of the adjudication of the Application as this process is committed to the discretion of the Attorney General by law. (Def. Br., at 14-17.)

The APA does not confer subject matter jurisdiction independent of 28 U.S.C. § 1331. Califano v. Sanders, 430 U.S. 99, 105-07 (1977). Jurisdiction may be available for an alleged APA violation, however, under 28 U.S.C. § 1331. Yanping Qiu v. Chertoff, 486 F.Supp.2d 412, 420 (D.N.J. 2007). A court may compel an agency to act when an agency is compelled by law to act within a certain time period under the APA. See 5 U.S.C. § 706(1); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 65

(2004). A court only has jurisdiction to do so, however, when the agency is compelled by law to act within a certain time period. Yanping Qiu, 486 F.Supp.2d at 421. Also, the APA does not apply to agency action that is committed to agency discretion by law. 5 U.S.C. § 701(a)(2).

There is no statutory or regulatory provision either compelling adjudication of an adjustment of status application within a certain time period, or conferring a right to judicial review. See 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1255(a); Shah, 2007 WL 2084891, at *5; Yanping Qiu, 486 F.Supp.2d at 421. Moreover, it is within the discretion of immigration officials to withhold adjudication of a decision of an adjustment of status application. See 8 U.S.C. § 1255(a); 8 C.F.R. § 103.2(b)(18); Shah, 2007 WL 2084891, at *5; Yanping Qiu, 486 F.Supp.2d at 421. The APA, therefore, is not applicable to plaintiffs' claims.

## IV. The Declaratory Judgment Act

The plaintiffs also claim that this Court has jurisdiction under the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202. Section 2201 provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C.

§ 2201.  The DJA grants federal courts the authority to render declaratory relief.  Id.; see also Zuwei Jin, 2007 WL 1963143, at *1 n.1.  However, the DJA "does not and cannot serve as an independent basis for subject matter jurisdiction."  TIG Ins. Co. v. Reliable Research Co., 334 F.3d 630, 634 (7th Cir. 2003); see Terra Nova Ins. Co. v. 900 Bar, Inc., 887 F.2d 1213, 1218 n.2 (3d Cir. 1989); see also Yanping Qiu, 486 F.Supp.2d 414 n.1.  Thus, the DJA cannot serve as a basis for this Court's jurisdiction.

## CONCLUSION

The Court, for the reasons stated supra, will (1) grant the motion, and (2) dismiss the complaint.  The Court will issue an appropriate order and judgment.

                                             s/ Mary L. Cooper
                                             **MARY L. COOPER**
                                             United States District Judge